1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JONATAHN GEYER,                           No. 2:17-cv-00502 KJM AC P

11                  Plaintiff,

12          v.                                 FINDINGS AND RECOMMENDATIONS

13   THOMAS A. FERRARA, et al.,

14                  Defendants.

15

16          Plaintiff, who was an inmate at the Solano County Jail when he filed the instant

17   complaint, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has paid the filing fee.

18      I.      Statutory Screening of Prisoner Complaints

19          The court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[1]

21   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

23   monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

24          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26   ───────────────────
     [1] Plaintiff was a pretrial detainee at the time he filed the complaint. ECF No. 1 at 1. As a pretrial
27   detainee, plaintiff falls within the statutory definition of "prisoner" for purposes of screening. 28
     U.S.C. § 1915A(c) ("[T]he term 'prisoner' [includes] any person . . . detained in any facility who
28   is accused of . . . violations of criminal law.").

                                                    1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1    II.    Complaint

2        The complaint presents two claims, respectively asserting violations of the Eighth and

3    Fourteenth Amendments, both based on plaintiff's objection to the sharing of electric razors

4    among inmates at the Solano County Jail.  Named as defendants are the County Sheriff, the

5    Mayor, and two jail officers.  Plaintiff alleges generally that requiring pretrial detainees to use

6    shared razors is unsanitary and poses "an unreasonable risk of serious damage to one's future

7    health."  ECF No. 1 at 3.  He alleges that disinfection protocols for the electric razors are

8    inadequate and/or not adequately followed, and that inmates are being exposed to blood-borne

9    pathogens including HIV/AIDS and Hepatitis C.  Id.  Plaintiff specifically alleges that in January

10   of 2017 two different officers rejected his requests that a razor be properly disinfected.  Id. at 4.

11   He alleges that "one detainee/inmate has had to take antibiotics because he got some kind of

12   fungus on his face."  Id. at 6.  Plaintiff seeks $50,000,000.00 in damages and an injunction

13   requiring the provision of disposable razors to all pretrial detainees at the Jail.  Id. at 8.

14   III.    Plaintiff Lacks Standing

15       "[F]ederal courts are required sua sponte to examine jurisdictional issues such as

16   standing."  B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) (citation

17   omitted).  The Article III case or controversy requirement limits federal courts' subject matter

18   jurisdiction by requiring that plaintiffs have standing.  Valley Forge Christian Coll. v. Ams.

19   United for Separation of Church & State, Inc., 454 U.S. 464, 471  (1982).  To have standing, a

20   plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or

21   controversy" requirement of Article III of the United States Constitution.  Clapper v. Amnesty

22   Int'l USA, 568 U.S. 398, 409 (2013) (citations omitted).  To satisfy Article III standing, a

23   plaintiff must therefore allege: (1) an injury-in-fact that is concrete and particularized, as well as

24   actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant;

25   and (3) that the injury is redressable by a favorable ruling.  Monsato Co. v. Geertson Seed Farms,

26   561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61

27   (1992).

28   ////

Plaintiff's objections to Solano County Jail razor sterilization practices do not support standing, because plaintiff has not personally suffered any injury in fact. Plaintiff does not allege that he suffered any injury or contracted any disease due to his use of a shared razor, he merely complains that his objections to the jail's sanitation practices were ignored. The complaint asserts future harms that are entirely speculative, and speculative future injury does not confer standing. See Clapper, 568 U.S. at 409 (to have standing based on future harm, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."). Plaintiff's allegation that another inmate experienced a fungal infection would not give plaintiff standing even if that infection were traceable to use of a shared razor. See Weaver v. Wilcox, 650 F2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.")

For the same reason, plaintiff lacks standing to seek the requested injunctive relief on behalf of all pretrial detainees at the Jail. And the request for injunctive relief is moot as to plaintiff himself, because he is no longer incarcerated at the Jail. See Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) (transfer from the facility at issue moots claim for injunctive relief regarding conditions of confinement).

IV.     The Alleged Facts Fail to State a Claim

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Challenges brought by pretrial detainees relating to the conditions of their confinement are properly analyzed under the Fourteenth Amendment's Due Process Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

Although conditions of incarceration may be restrictive and even harsh, prison officials must prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth

4

Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995). In the context of pretrial detention, the constitution is violated if conditions rise to level of "punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979). In order to demonstrate deliberate indifferent to a pretrial detainee's health and safety, a plaintiff must show that jail officials knew of and disregarded and excessive risk to his health and safety. See Toguchi v. Chung, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (articulating deliberate indifference standard under Eighth Amendment); Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (holding that claims of pretrial detainees are analyzed under Fourteenth Amendment, but Eighth Amendment standards apply).

The facts alleged here do not rise to the level of a constitutional violation. A lack of sanitation must be severe and prolonged to constitute a Fourteenth Amendment violation. See Anderson, 45 F.3d at 1314. Plaintiff has asserted no facts to support the claim that an excessive risk to inmate health and safety was created by the alleged cleaning of razors with hot water between uses in the dayroom. Plaintiff's speculation in this regard is insufficient, and his conclusory allegations fail to state a claim. See Iqbal, 556 U.S. at 678. Moreover, the circumstances do not support an inference that the officers' refusal to disinfect the razor in January 2017, or any formal or informal policy in place during plaintiff's incarceration regarding razor use, was accompanied by the culpable state of mind essential to a constitutional violation. See Farmer, 511 U.S. at 837.

V.      Leave to Amend Would Be Futile

Plaintiff's lack of standing cannot be cured by amendment. Moreover, even if plaintiff could plausibly allege an injury in fact, the matters complained of here do not involved denial of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Accordingly, plaintiff is unable to state a claim for relief under § 1983. Because amendment would be futile, leave to amend should not be granted. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (leave to amend properly denied as futile where facts failed to establish a constitutional violation as a matter of law).

////

VI.     Conclusion

     For the reasons explained above, IT IS HEREBY RECOMMENDED that the complaint be DISMISSED without leave to amend pursuant to 28 U.S.C. § 1915A(b).

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE